**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **STEVEN RAY DELACRUZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:09-CV-371-A** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Steven Ray DelaCruz, TDCJ # 1482732, is in custody of the Texas Department

of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division.

C.  FACTUAL AND PROCEDURAL HISTORY

On June 25, 2007, pursuant to a plea bargain agreement, DelaCruz entered a plea of guilty

to bail jumping and a plea of true to one enhancement paragraph (the state waived a second enhancement paragraph) in Parker County, Texas, in exchange for an 18-year sentence.  (03state Habeas R. at 43)  DelaCruz did not directly appeal his conviction or sentence.  On January 25, 2008, DelaCruz filed his first application for writ of habeas corpus in state court, but the Texas Court of Criminal Appeals dismissed the application for noncompliance with the Texas Rules of Appellate Procedure.[1]  *Ex parte DelaCruz*, Application No. WR-69,420-01, at cover; TEX. R. APP. P. 73.1 & 73.2.  (01State Habeas R. at cover)  DelaCruz filed his first federal petition for writ of habeas corpus on April 15, 2008, which was dismissed February 18, 2009, without prejudice on exhaustion grounds.[2]  *DelaCruz v. Quarterman*, Civil Action No. 4:08-CV-263-Y.  March 19, 2009.  DelaCruz returned to state court and filed a second state application for writ of habeas corpus on May 19, 2009, which was denied without written order by the Texas Court of Criminal Appeals on March 19, 2009.  DelaCruz filed this second federal petition for writ of habeas corpus on June 22, 2009.[3] As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which DelaCruz filed a reply.

D.  ISSUES

DelaCruz raises five grounds challenging his conviction.  (Petition at 7-8a)

---

[1]The state court expressly stated in its notice to DelaCruz that his "Application is not on the prescribed form per Art. 11.07, the application was filed on the old form."

[2]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[3]Although DelaCruz indicates that he placed his petition in the prison mailing system on June 22, 2008, the postmark on the envelope in which he mailed the petition reflects a postdate of June 24, 2009, and the clerk of court received the petition for filing on June 25, 2009.

E. STATUTE OF LIMITATIONS

Quarterman argues that DelaCruz's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred.  (Resp't Preliminary Resp. at 6-11) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  The provision provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, the judgment of conviction became final and the one-year

3

limitations period began to run upon expiration of the time that DelaCruz had for filing a timely notice of appeal on July 25, 2007, and closed one year later on July 25, 2008, absent any applicable tolling.  *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

For purposes of statutory tolling, DelaCruz's first state habeas application, which was dismissed by the Texas Court of Criminal Appeals for noncompliance with the form requirements of state appellate rules, was not "properly filed" and did not operate to toll the limitations period under § 2244(d)(2).  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Villegas v. Johnson,* 184 F.3d 467, 469-470 (5th Cir. 1999).  Nor did DelaCruz's prior federal habeas petition, dismissed for failure to exhaust, or his second state habeas application filed on March 19, 2009, after the limitations period had already expired, operate to toll the limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Thus, the question becomes whether DelaCruz has alleged and demonstrated rare and exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period.  Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights.  *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).  In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief.  *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

First, DelaCruz argues that he was misled by the state courts' unconstitutional action of

accepting and filing his first state habeas application instead of returning the document to him unfiled as provided by the appellate rules.[4]  This argument has been rejected by the Fifth Circuit. *See Larry v. Dretke*, 361 F.3d 890, 893-94 & n.2 (5th Cir.), *cert denied*543 U.S. 893 (2004). DelaCruz also argues that to disqualify his first state habeas application from tolling the limitations period just because the application was filed on the "old form" would be fundamentally unfair. However, lack of knowledge of filing rules or deadlines does not justify equitable tolling.[5]  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Second, DelaCruz argues he has diligently pursued postconviction relief but the state has employed unconstitutional actions and tactics by failing to return his first state habeas application with a new form, delaying its responses to his state and federal petitions, and avoiding the merits of his claims altogether.  DelaCruz's first state habeas application was filed on January 25, 2008, six months after his conviction became final, and the Texas Court of Criminal Appeals dismissed the application for noncompliance on February 27, 2008. The record reflects DelaCruz did not receive notice of the dismissal until March 10, 2008, because of a transfer to another facility.

---

[4]Rule 73.2 of the Texas Rules of Appellate Procedure provides:

> Noncompliance.  The clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeal, and will return the application to the person who filed it, with a copy of the official form.  The clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form.

[5]DelaCruz also brings the court's attention to the conflicts between state and federal rules addressing defective petitions.  Any differences between the two, however, are irrelevant to the limitations issue.

(01State Habeas R., Postcard Returned; Resp't Supp. Answer, Exhibit A)  Instead of filing a second

state application on the proper form, DelaCruz filed a federal habeas petition on April 15, 2008.  The

state was served with the petition on June 25, 2008, and was granted one extension of time to file

it's answer.  The state filed it's answer on August 25, 2008, within the time allowed.  The United

State's Magistrate Judge's findings and recommendation to dismiss the petition on exhaustion

grounds were issued on December 29, 2008, wherein the Magistrate Judge informed DelaCruz that

§ 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court.

DelaCruz requested an extension of time to object to those findings and recommendation, which he

filed within the time allowed on February 17, 2009.  Notwithstanding his objections, on February

18, 2009, the district court dismissed the petition without prejudice for failure to exhaust, except as

to any application of the federal statute of limitations or other federal procedural bar that may be

applicable.  Delacruz filed his second state habeas application on March 19, 2009,which was denied

by the Texas Court of Criminal Appeals on May 6, 2009.  The instant federal petition was filed over

a month later on June 22, 2009.  The record does not support DelaCruz's assertion that he diligently

pursued postconviction relief at every juncture in an expeditous manner or that the state engaged in

misleading or dilatory actions or tactics.

Third, DelaCruz argues he is entitled to equitable tolling because this court led him to believe

that he would be able to renew his federal habeas claims after his state remedies were exhausted

when this court dismissed his first petition without prejudice. The Fifth Circuit has held that

equitable tolling is appropriate where the petitioner labors under a mistaken impression from the

courts. *United States v. Patterson,* 211 F.3d 927, 931-32 (5th Cir. 2000).  However, DelaCruz is

largely to blame for his late filing.  Six months of the limitations period had already expired before

6

he first sought state habeas review.  When DelaCruz first received knowledge of the state court's dismissal, due to his own failure to conform with state rules, he should have attempted to expediently file a second state application for relief on the proper form in order to receive tolling benefit.  Instead, DelaCruz Hayes sought relief in this court on unexhausted claims.  Neither a petitioner's unfamiliarity with the legal process nor his ignorance of the exhaustion requirement merits equitable tolling.  *See Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999).  Moreover, when a petitioner fails to exhaust his claims in state court before seeking federal review, a dismissal without prejudice is appropriate to allow the petitioner to exhaust his claims in state court.  A dismissal without prejudice, however, may jeopardize a petitioner's ability to seek a later review in federal court in the event the federal statute of limitations expires while his federal petition is pending.  Absent a stay or equitable tolling, a petitioner may be unable to return to federal court following exhaustion of his state court remedies.  In such a case, a federal court has the discretion to either abate or dismiss the action.  *Brewer v. Johnson,* 139 F.3d 491, 493 (5th Cir. 1998). DelaCruz did not request a stay of the former federal action, and, although not required to do so, the court expressly put him on notice that, notwithstanding the fact that his prior federal petition was dismissed without prejudice, a second petition would be subject to the federal statute of limitations. Thus, it cannot be said that DelaCruz was actively misled by the court or prevented in some extraordinary way from asserting his rights.

Finally, relying on *In re Gasery,* 116 F.3d 1051 (5th Cir. 1997) DelaCruz argues that his second federal petition should be treated as a continuation of his first petition dismissed without prejudice for failure to exhaust.  DelaCruz correctly notes that his first federal petition was dismissed without prejudice to his right to refile after exhausting state habeas remedies.  Such a dismissal,

however, did not hold in abeyance the first federal habeas, while he pursued his state remedies.  As noted, a district court has the authority to either abate or dismiss a federal habeas action pending resolution of state habeas proceedings.  *See Brewer,* 139 F.3d at 493.  Whether the petition at issue is considered "second or successive" within the meaning of § 2244 is immaterial to the analysis. *See Barrientes v. Johnson,* 221 F.3d 741, 751 (5th Cir. 2000).

DelaCruz's federal petition was due on or before filed on July 25, 2008; thus, his petition filed on June 22, 2009, was filed beyond the limitations period and is untimely.

## II.  RECOMMENDATION

DelaCruz's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 8, 2009.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 8, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 17, 2009.


      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

9