IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| STEVEN RAY DELACRUZ, § | |
| § | |
| Applicant, § | |
| § | |
| VS. § | NO. 4:09-CV-371-A |
| § | |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

O R D E R

Came on for consideration the above-captioned action wherein Steven Ray DeLaCruz is applicant and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent.[1] This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On September 17, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by October 8, 2009. Applicant timely filed his written objections, and respondent made no further response. In accordance with 28 U.S.C.

---

[1] The title of the document filed by Steven Ray DeLaCruz ("DeLaCruz") was "Petition for Writ of Habeas Corpus by a Person in State Custody," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed June 25, 2009, as an "application" and is referring to DeLaCruz as "applicant."

§ 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge recommended the application be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). Applicant objects to application of the limitations period, claiming he is entitled to equitable tolling. Although applicant sets forth purportedly multiple objections, each essentially restates the same contention: he was misled by the state's action of returning his initial state habeas application for using the wrong form. Regardless of how it is worded, this objection is unavailing.

Applicant's conviction became final, and the limitations period under 28 U.S.C. § 2244(d) commenced, on July 25, 2007, and closed on July 25, 2008, absent any applicable tolling. Applicant filed his initial state application for writ of habeas corpus on January 25, 2008. On February 27, 2008, the Texas Court of Criminal Appeals dismissed the application as "noncompliant with

2

Tex. R. App. P. 73.1." 2321484 State Habeas Court Record, Case No. WR-69,420-01, at 2. The official notice from the Court of Criminal Appeals informed applicant that

> The Court has dismissed your application for a writ of habeas corpus without written order; the application is not compliant with Texas Rules of Appellate Procedure 73.1. Application is not on the prescribed form per Art. 11.07, the application was filed on the old form."

2325799 State Habeas Court Record, Case No. WR-69,420-01, at 2. Although applicant did not receive such notice until March 10, 2008, five months remained for applicant to refile his state habeas application the proper form prior to expiration of the limitations period. The statements by the Court of Criminal Appeals's should have put applicant on notice of his need to at least inquire as to the necessity of refiling the state application on the proper form. Instead, applicant on April 15, 2008, filed his federal habeas application. None of applicant's objections support any claim for equitable tolling given the above-described circumstances.

Therefore,

The court accepts the recommendation of the magistrate judge and ORDERS that the application be, and is hereby, dismissed with

3

prejudice as time-barred.

    SIGNED November **19**, 2009.

```
_____
JOHN MCBRYDE
United States District Judge
```